# BRODIE, J.

RMT:MTK/JEA
F. #2019R00637

## SCANLON, M.J.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ANTON BOGDANOV,
    also known as "Kusok,"

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>I N D I C T M E N T</u>

Cr. No.

CR 19 - 197

(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(2), 982(b)(1), 1028A(a)(1),
1028A(b), 1028A(c)(5), 1030(a)(2)(C),
1030(c)(2)(B), 1030(i)(1), 1030(i)(2),
1349, 2 and 3551 <u>et</u> <u>seq.</u>; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.     The defendant ANTON BOGDANOV, also known as "Kusok," was a citizen of Russia.

2.     In or about and between June 2014 and November 2016, the defendant ANTON BOGDANOV, together with others, fraudulently obtained tax filings belonging to other individuals (the "Identity Theft Victims") via an Internal Revenue Service ("IRS") website. To obtain these filings, BOGDANOV and his co-conspirators input misappropriated personally identifiable information ("PII"), such as Social Security numbers and dates of birth of the Identity Theft Victims, into the IRS website and created online profiles on behalf of the Identity Theft Victims. By fraudulently creating these profiles, BOGDANOV and his co-conspirators were able to gain access to the Identity Theft Victims'

prior tax filings, which contained, among other things, banking and earnings information, along with other PII.

3.      The defendant ANTON BOGDANOV and others then used the Identity Theft Victims' PII to complete and submit new tax returns purportedly on behalf of the Identity Theft Victims.   BOGDANOV and his co-conspirators completed the fraudulent tax returns in a manner aimed at inducing the IRS to issue refunds to the Identity Theft Victims. However, BOGDANOV and his co-conspirators also provided the IRS with prepaid debit card information for cards under their control so that the refunds went to BOGDANOV and his co-conspirators, and not the Identity Theft Victims.

4.      Another way in which the defendant ANTON BOGDANOV and others obtained Identity Theft Victims' PII for use in this scheme was by gaining unauthorized access to the computer systems of private tax preparation firms in the United States, including at least one firm located in the Eastern District of New York. BOGDANOV and his co-conspirators gained unauthorized access to these systems by exploiting a vulnerability in a remote access program used by the tax preparation firms' employees to log in from home and while traveling.

5.      The defendant ANTON BOGDANOV and others then electronically altered the tax filings of the firms' clients so that the account and routing numbers listed in the filings, to which refunds were to be paid, were those of prepaid debit cards controlled by BOGDANOV and his co-conspirators.   Once BOGDANOV and his co-conspirators received fraudulently obtained refunds from the United States Department of the Treasury, the prepaid debit cards were cashed out in the United States, and a percentage of the

proceeds were wired to BOGDANOV in Russia.   BOGDANOV and his co-conspirators received more than $1.5 million in fraudulently obtained refunds.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

6.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.      In or about and between June 2014 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTON BOGDANOV, also known as "Kusok," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud the United States Department of the Treasury, and to obtain money and property from the United States Department of the Treasury by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit: electronic communications to computers and servers in the United States and elsewhere, emails and other online communications, and monetary transfers, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
### (Aggravated Identity Theft)

8.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9.     In or about and between June 2014 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTON BOGDANOV, also known as "Kusok," together with others, during and in relation to the crime charged in Count One, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of other persons, to wit: social security numbers and other personally identifiable information, knowing that these means of identification belonged to said persons.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

### COUNT THREE
(Computer Intrusion and Obtaining Information)

10.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

11.     In or about and between June 2014 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ANTON BOGDANOV, also known as "Kusok," together with others, did knowingly and intentionally access one or more computers without authorization and exceed authorized access, and thereby obtain information from one or more protected computers, to wit: tax filings from tax preparation firm computer systems, for the purpose of commercial advantage and private financial gain, and in furtherance of criminal and tortious acts in

violation of the laws of the United States and any State, and the value of the information

obtained exceeded $5,000.

(Title 18, United States Code, Sections 1030(a)(2)(C), 1030(c)(2)(B), 2 and

3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNT ONE

12.     The United States hereby gives notice to the defendant that, upon his

conviction of the offense charged in Count One, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United

States Code, Section 2461(c), which require any person convicted of such offense to forfeit

any property, real or personal, constituting, or derived from, proceeds obtained directly or

indirectly as a result of such offense.

13.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

14.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 982(a)(2) and 1030(i)(1), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, and such person's interest in any personal property that was used or intended to be used to commit or to facilitate such offense.

15.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2), to seek

forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2), 982(b)(1), 1030(i)(1) and 1030(i)(2); and Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R00637
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

ANTON BOGDANOV,

Defendant.

# INDICTMENT

( T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1030(a)(2)(C), 1030(c)(2)(B), 1030(i)(1), 1030(i)(2), 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____

*of* _____ *A.D. 20* _____

_____
*day,*

_____
*Clerk*

*Bail, $* _____

*Jonathan Algor/Michael Keilty, Assistant U.S. Attorneys (718) 254-6248/7528*