ONE PENN PLAZA
53rd FLOOR
NEW YORK, NEW YORK 10119
(212) 285-8000
FAX: (646) 304-0352

JASON D. WRIGHT
ADMITTED IN NEW YORK, VIRGINIA
AND THE DISTRICT OF COLUMBIA
OF COUNSEL

September 11, 2019

*Filed on ECF*

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

### Re: *United States v. Anton Bogdanov, 19-CR-197 (MKB)*

Dear Judge Brodie:

As a last step before I move on behalf of Anton Bogdanov to preclude the government's evidence and for other relief, I respectfully request that the Court issue the proposed order attached, directing that the Metropolitan Detention Center ("MDC") connect Mr. Bogdanov with his discovery immediately and provide him proper medical care.

Over the past many weeks, I have been attempting to ensure that Mr. Bogdanov is provided a copy of the government's discovery CD, which it has provided me. As of yesterday, Mr. Bogdanov still does not have it. I have repeatedly been in contact with AUSA Keilty about this issue and believe that he has done all he reasonably can; the problem is at the MDC.

The ususal protocol is for the United States Attorney's office to send discovery media to the MDC so it can connect the discovery with the defendant; no other means of doing so is feasible. While I have reviewed discovery with Mr. Bogdanov during visits, the discovery here contains many pages of chats, which I cannot feasibly review with him during a visit, and which he needs to study on his own time. I earlier caused portions of discovery to be printed out for Mr. Bogdanov, but the resulting hard copies filled a banker's box, a size which the MDC will not accept.

I do not know what the problem is here and do not care to know; even more so when the United States forcibly arrests a non-citizen in another country and brings him here in custody knowing that bond is virtually impossible, it is incumbent on the United States to accommodate its prisoners as a priority, not as an annoyance to be added to a "to do" list. I have entertained the thought over the past few weeks that the problem here is Mr. Bogdanov, and that his inability to speak and understand English is somehow contributing to the issue, but, even if

so, the United States should have considered the fact of his deficiencies with English in implicitly representing to the Courts that it could properly accommodate him when it demanded his extradition.

With every communication from Mr. Bogdanov over the past many weeks, I have delayed writing to the Court, so as not to burden the Court with an application of this sort, but also thinking that resolution of something so simple must be imminent; perhaps this letter will itself create atmospheric karma and shift the zeitgeist causing the MDC to act. But act it must, even if it means walking to Mr. Bogdanov and handing him the CD or telling where it is. If the MDC were otherwise a model of efficiency and administrative honesty, I would hesitate even further in burdening the Court, but it is not.

Further, the Court will recall that I raised a medical issue about Mr Bogdanov's skin condition when we appeared for our first conference many months ago. While AUSA Keilty's intervention at that point resulted in communication between Mr. Bogdanov and MDC medial staff, Mr. Bogdanov was approved to see a dermatologist in early May 2019, but has still not seen one and has not been provided necessary medicine. He reports that the MDC responds to his reminders by advising him that his appointment is "scheduled," and that the MDC is not a hospital.

At some point, a Judge will be lose patience with the United States government's treatment of its prisoners and dismiss some cases, perhaps this one, in the name of the same general deterrence in which the government places such confidence when it is not the proposed target of the deterrence. Mr. Bogdanov is my experience is soft-spoken and respectful, but he is in this country and among the world's biggest prison population at our government's behest, and he should be immediately released and be returned home if the United States cannot properly attend to his legal and medical needs.

I do not mean for this letter to trigger a written response from the MDC (or the government) so the MDC can proffer excuses and rationalizations; I mean for it to resolve these two issues however we arrived at this point. I respectfully submit a proposed order for the Court's review.

Respectfully submitted,

/s/
Andrew J. Frisch

cc: AUSA Michael Keilty